**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **PIKE POWERS** | § | |
| | § | |
| | § | |
| **V.** | § | **A-13-CV-768-DAE** |
| | § | |
| | § | |
| **DUFF & PHELPS, LLC** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE DAVID EZRA
        UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Pike Powers' Motion in Limine, Dkt. No. 48, and Defendant Duff & Phelps, LLC's Motion in Limine, Dkt. No. 49. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

On November 24, 2015, the Court held a final pretrial conference and addressed the parties' pending motions in limine. The Court also ordered the parties to file supplemental briefs regarding each's opposition to the other's motion. The parties filed their briefs on November 30, 2015. Dkt. Nos. 65, 66. Having reviewed the briefs, the undersigned **HEREBY RECOMMENDS** that the Court make the following orders on the motions in limine:

**I.      Plaintiff's Motion in Limine (Dkt. No. 48)**

1.      AGREED to by the parties - GRANT.

2.      AGREED to by the parties - GRANT.

3.      WITHDRAWN.

4.     AGREED to by the parties - GRANT as regards testimony related to mitigation of damages or availability of other work; DENY as to testimony related to Powers' employment by Fulbright & Jaworski, LLP.

5.     GRANT IN PART and DENY IN PART.  The parties agree that generally any mention of either of them being a party to a prior lawsuit or claim should be excluded, and as to this portion of the motion, it is recommended that the motion be GRANTED.

Duff & Phelps, however, objects to the motion to the extent that it would prevent it from offering evidence related to its affirmative defense.  In brief, that affirmative defense will ask the jury to decide whether an agreement between Powers and Duff & Phelps covered Powers' claim for payment.  Duff & Phelps stated that it intends to offer evidence that Powers has previously claimed—including in this case—that he was entitled to compensation under his employment agreement for the Duke Energy project and that Duff & Phelps had breached that agreement by not compensating him for the project.  As an example of such evidence, Duff & Phelps pointed to Powers' responses to questions it asked him in his deposition regarding whether he claimed he was entitled to compensation on the Duke Energy project under his employment agreement.  The Court agrees that this evidence is relevant to the affirmative defense, and should be permitted.

Where precisely to draw the line on this issue, however, is not entirely clear.  Duff & Phelps indicated at the hearing, for example, that it also intended to inform the jury that the Court had granted summary judgment in its favor on Powers' breach

2

of contract claim.  It would seem to the undersigned that this could confuse the jury, as it could be understood by the jury to mean that the Court had determined that Duff & Phelps was not obligated to compensate Powers for the Duke Energy engagement *at all*, rather than that the Court had only determined that Duff & Phelps was not obligated to pay Powers *under the agreement*, without prejudice to Powers' ability to seek compensation through a quantum meruit claim.  Given the likelihood of such confusion, the undersigned believes that it would be unduly prejudicial to allow Duff & Phelps to discuss the summary judgment ruling before the jury.  Considering all of the above, the undersigned recommends that the Court DENY the motion in limine with regard to any statements or claims by Powers that Duff & Phelps' failure to compensate him on the Duke Energy project breached the parties' written employment agreement, but otherwise, on the issue of the breach of contract claim, GRANT the motion and require the parties to first approach the bench and receive a ruling before discussing in front of the jury the breach of contract claim or the Court's ruling on it.

## II.    Defendant's Motion in Limine (Dkt. No. 49)

1.    DENY.  This motion targets Duff & Phelps' internal discussions leading up to its decision not to compensate Powers related to the Duke Energy project, including specifically a chain of emails sent on September 6 and 7, 2011, in which executives of Duff & Phelps discuss whether and how much to compensate Powers.  Duff & Phelps contends that these discussions were part of the decision making process in settling its dispute with Powers over the Duke Energy engagement.  The Court

disagrees.  It does not appear that there was a "claim" for purposes of FED. R. EVID. 408 until *after* Duff & Phelps decided Powers was not entitled to any compensation on the Duke Energy project, and these conversations were part of that decision.

2.   AGREED to by the parties - GRANT.

3.   AGREED to by the parties - GRANT.

4.   AGREED to by the parties - GRANT.

5.   WITHDRAWN.

6.   AGREED to by the parties - GRANT.

7.   DENY.  Duff & Phelps argues that New York law requires that damages for a quantum meruit claim for services rendered must be calculated based on an hourly rate unless a percentage commission is the "clear and accepted marketplace convention." Dkt. No. 66 at 3 (citing *Carlino v.  Kaplan*, 139 F. Supp. 2d 563, 565 (S.D.N.Y. 2001) (applying New York law)).  In *Carlino*, the Court held that a Plaintiff who had submitted "various consulting agreements employed in the adult entertainment business" had failed to meet this burden, as the agreements did "not follow any well-established convention, but vary greatly in defining the scope of services provided by the consultants, the length of time over which the services were to be delivered, and the amounts of consulting fees and incentive payments that the adult entertainment clubs agreed to pay." *Id*.  at 565-566.  Ultimately, the Court held that "there is no standard or convention in the industry" and as such "it would be improper for a court to write a contract for the parties where none previously was written." *Id*.  at 566.  The Court thus defaulted to an hourly rate.  *Id*.  For the same

4

reason, the Court in *Learning Annex* discarded a jury verdict where an expert had testified that the industry standard compensation was a 35% commission, but had "offered *no* evidence as to (1) the range of percentages for compensating licensing agents; (2) the variables that would effect whether the compensation would be on the high or low end of that range." *Learning Annex Holdings, LLC v. Rich Global, LLC* 860 F.Supp.2d 237, 248 (S.D.N.Y. 2012)(applying New York law)(emphasis in original). Put another way, the Court held that testimony regarding the typical compensation *structure* for a particular type of deal was insufficient to establish a clear and accepted marketplace convention absent any testimony regarding the typical *range* of commissions.  *Id*.

Duff & Phelps argues that because Powers has not demonstrated his right to such a payment by any clear and accepted marketplace convention, and has not designated expert witnesses to demonstrate such a convention, he should be prevented from presenting evidence or making any argument that he is entitled to a percentage commission at trial.  This argument is premature.  Powers has not yet presented evidence sufficient to establish that a percentage commission is the industry standard because the case has not yet gone to trial.   At the November 24, 2015 hearing, and in his briefing, Powers made clear that he fully intends to present such evidence.  Whether it meets the requirements of New York law is yet to be seen, but that decision cannot be made at this point.  It is clear, however, that testimony regarding customary practices for compensating business development is relevant to the quantum meruit claim to be tried, and it would not be prejudicial to Duff &

Phelps for this evidence to be presented to the jury.  There is thus no reason to exclude this evidence in a motion in limine.

8.     GRANTED, except as discussed above regarding Defendant's first motion.

9.     GRANTED, except as discussed above regarding Plaintiff's fifth motion.

10.     AGREED to by the parties, with the understanding that it does not extend to evidence regarding Powers' draw account.

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion in Limine, Dkt. No. 48, be **GRANTED IN PART, DENIED IN PART, AND DISMISSED AS MOOT**, as set forth above, and Defendant's Motion in Limine, Dkt. No. 49, be **GRANTED IN PART, DENIED IN PART, AND DISMISSED AS MOOT**, also as set forth above.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3 day of December, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE